Ronald L. Richman, SBN 139189
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA 94104
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-mail:ron.richman@bullivant.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>CAZADORES CONSTRUCTION, INC., a California corporation,<br><br>Defendant. | Case No.: 17-cv-05242-WHO<br><br>**ORDER GRANTING DEFAULT JUDGMENT**<br><br>Date:     February 14, 2018<br>Time:     2:00 p.m.<br>Location: Courtroom 2, 17th Floor<br>            San Francisco Division<br>Before:  Hon. William H. Orrick |

**INTRODUCTION**

Plaintiffs seek an order from this Court awarding default judgment against defendant Cazadores Construction, Inc. on the First Cause of Action for Breach of Collective Bargaining Agreement, Second Cause of Action for Recovery of Unpaid Trust Fund Contributions, and Third Cause of Action for Mandatory Injunction, pursuant to ERISA, §§ 502(g)(2), 515;

29 U.S.C. §§ 1145, 1132(g)(2); ERISA §§ 409(a), 502(a)(2); 29 U.S.C. §§ 1109(a), 1132(a)(2). See Complaint [Dkt. No. 1] at ¶¶ 8-24.

Pursuant to the First Cause of Action, plaintiffs are entitled to recover $450.00 in liquidated damages for employee fringe benefit contributions that were paid, but paid late, for the period July – September 2014. See Complaint [Dkt. No. 1] at ¶13, Declaration of Michelle Lauziere in Support of Plaintiffs' Motion for Default Judgment ("Lauziere Decl.") at ¶ 17, Ex. I Dkt. No. 18].

Pursuant to the Second Cause of Action, based on an audit conducted by plaintiffs Trust Funds on June 24, 2014, for outstanding employee fringe benefit contributions not reported, and not paid due and owing for the period August – November 2011; January, March, May – December 2012; and May – December 2013, plaintiffs are entitled to recover the following:

- § 1132(g)(2)(A) unpaid contributions:    $100,651.23
- § 1132(g)(2)(B) interest:    $90,569.96
- § 1132(g)(2)(C) interest:    $90,569.96
                               Total:    **$281,791.15**

See Complaint [Dkt. No. 1] at ¶¶ 17-20; Lauziere Decl. ¶¶ 18-21, Exs. J-L [Dkt. No. 18].

Pursuant to the Third Cause of Action, plaintiffs are entitled to a mandatory injunction to audit the books and records of Cazadores Construction, Inc. for the period January 1, 2014 through the last completed quarter prior to entry of judgment. See Complaint [Dkt. No. 1] at ¶¶ 22-24.

Plaintiffs are further entitled to recover their attorneys' fees and costs in the amount of $$4,227.00. See accompanying Declaration of Ronald L. Richman in Support of Plaintiffs' Motion for Default Judgment ("Richman Decl.") at ¶¶ 3-6, Ex. A [Dkt. No. 19].

**I. BACKGROUND**

**A.    Plaintiffs Laborers Trust Funds**

Plaintiffs Trust Funds are multi-employer, employee benefit plans within the meaning of §§ 3(3) and 3(37) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(3) and 1002(37). The Trustees of the Boards of Trustees are the administrators and named fiduciaries for the Laborers Trust Funds.

The Trust Funds, established under trust agreements, consist of all employee fringe benefit contributions that are to be made by employers pursuant to collective bargaining agreements as well as all returns on contributions and any other property received or held by the Trust Funds. (Lauziere Decl. ¶ 10, Exs. A & B [Dkt. No. 18].) The Trust Agreements for each Fund contain identical terms and conditions. (Lauziere Decl. ¶ 11. [Dkt. No. 18])

Further, Section 13 of Article IV – Functions: Powers of the Board, provides for the establishment and maintenance of the Annuity Fund and Annuity Plan. Section 13 designates the Trustees of the Pension Trust Fund as named fiduciaries with exclusive authority to control, manage and administer the Annuity Fund and Plan within the Laborers Pension Trust Fund for Northern California. (Lauziere Decl. ¶ 12, Ex. C [Dkt. No. 18].)

The Trust Funds provide a wide variety of benefits for laborers, retired laborers and other related covered employees on whose behalf employee fringe benefit contributions are made pursuant to a collective bargaining agreement. The duties of the Boards of Trustees to the Trust Funds include ensuring that employers who are signatories to the collective bargaining agreements comply with the terms and conditions of the collective bargaining agreements, namely, payments and contributions to the Trust Funds on behalf of the covered employees. The Trust Agreement permits the Boards of Trustees to seek judicial relief to recover prompt payment of contributions due, including the recovery of delinquent contributions, and further, to seek all attorneys' fees and costs incurred in a lawsuit to recover the delinquent contributions. (Lauziere Decl. ¶ 13, Ex. D [Dkt. No. 18].)

The Trust Agreement further provides that an employer must submit to an audit by the Board of Trustees. (Lauziere Decl. ¶ 14, Ex. E [Dkt. No. 18].)

**B.      Defendant Cazadores Construction, Inc.**

On May 3, 2011, Cazadores Construction. Inc. ("Cazadores Construction") executed a Memorandum Agreement with the Northern California District Council of Laborers ("Laborers Union"). By virtue of its execution of the Memorandum Agreement, Cazadores Construction became bound to a written collective bargaining agreement with the Laborers Union entitled the

Laborers' Master Agreement For Northern California ("Master Agreement"). (Lauziere Decl. ¶ 6, Ex. F [Dkt. No. 18].)

Section 28 of the Laborers Master Agreement requires that employers make contributions to the Trust Funds based on the hours that their respective employees worked as laborers. (Lauziere Decl. ¶ 16, Ex. G [Dkt. No. 18].)

Employers are to pay the employee fringe benefit contributions on or before the 25th day of the month immediately succeeding the month in which the employee's work was performed. In the event that the employer fails to make the monthly installments on or before the 25th day of the month in which the employee fringe benefit contributions are due, the employers are subject to interest at the rate of 1.5% per month as well as liquidated damages. Liquidated damages are set at $150 for each month that the contribution is delinquent. (Lauziere Decl. ¶ 16, Ex. H [Dkt. No. 18.).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei,* 194 F. Supp.2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Id.* at 999 (citing *Draper v. Coombs,* 792 F. 2d 915, 924-25 (9th Cir. 1986).

Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. See *In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999). If the court finds these elements satisfied, it turns to the following factors (the "Eitel factors" to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts [,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool,* 782 F. 2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). Upon Entry of default, all factual allegations within the complaint are accepted as true, except those allegations relating to the amount of damages. *TeleVideo Sys. Inc. v. Heidenthal,* 826 F.2d 915,

917-18 (9th Cir. 1987). Where a default judgment is granted, the scope of relief "must not differ in kind from, or exceed in, amount what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III. DISCUSSION

**A.  Jurisdiction and Service of Process**

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. *In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999)("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

**1.  Subject Matter Jurisdiction**

The Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 185 (granting labor union organizations power to sue employers in federal court), 29 U.S.C. § 1132 (empowering ERISA plan fiduciaries to bring civil actions to enforce plan terms), and supplementary jurisdiction pursuant to 28 U.S.C. § 1367(a).

**2.  Personal Jurisdiction**

The Court has personal jurisdiction because the Trust Funds contributions are made to, and benefits are paid from, a corporate co-trustee bank in this judicial district (see Complaint [Dkt. No. 1] at ¶ 2) and because Cazadores Construction has its principal place of business in El Dorado Hills, California (see Complaint [Dkt. No. 1], at ¶ 7).

**3.  Service of Process on Defendant**

On September 24, 2017, Cazadores Construction was served with the Summons and Complaint. [Dkt. No. 10.] Cazadores Construction failed to appear and on November 9, 2017 the Clerk of Court entered the default of Cazadores Construction. [Dkt. No. 14.]

**B.  Application to the Case at Bar.**

In *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) the Court set forth the following seven factors to consider when addressing a motion for default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at state in the action; (5) the possibility of a

dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. As discussed below, all the factors weigh heavily in favor of granting plaintiffs Trust Funds' motion for default judgment.

**1. Possibility of prejudice to plaintiffs.**

The first factor weighs in favor of granting default judgment because "if Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The harm suffered by defendant Cazadores Construction's employees by the loss of their benefits outweighs any harm suffered by defendant in having a default judgment entered against it.

**2. Merits of plaintiffs' substantive claims and sufficiency of the complaint.**

Both the second and third *Eitel* factors weigh in favor of entry of default judgment. The evidence presented by plaintiffs Trust Funds shows that defendant Cazadores Construction was bound by a written collective bargaining agreement by which it agreed to become bound by the written Trust Agreements that established the Trust Funds. See Complaint [Dkt. No. 1] ¶ 9; (Lauziere Decl. ¶ 6, Exs. A-F [Dkt. No. 18]). Plaintiffs' Complaint pleads the elements that defendant violated 29 U.S.C. § 1145 by failing to pay contributions owed. See Complaint [Dkt. No. 1] ¶¶ 8-24; (Lauziere Decl. ¶¶ 17-21, Exs. I-L [Dkt. No. 18]).

In addition, the Complaint pleads the elements to satisfy 29 U.S.C. § 1132(g)(2) which entitles the plaintiffs to unpaid contributions, interest thereon, liquidated damages, and reasonable attorneys' fees and costs for amounts owed under 29 U.S.C. § 1145. See Complaint [Dkt. No. 1] ¶¶ 8-24.

Based on the above, plaintiffs have submitted a legally sufficient Complaint which will prevail on the merits. See *Bd. of Trs. of the Clerks v. Piedmont Lumber & Mill Co., Inc.*, 2010 WL 4922677, at *4 (N.D. Cal. Nov. 29, 2010).

**3. Sum of the money at stake.**

"When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Const., Inc.*, 2012 WL 380304, at *4

(N.D. Cal. Jan. 17, 2012). But "where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citing *Bd of Trs. of the Sheet Metal Workers Health Care Plan v. Superhall Mechanical, Inc.*, 2011 WL 2600898 at *2 (N.D. Cal. Jun. 30, 2011)).

Defendant owes $100,651.23 for principal contributions not reported, and not paid, along with interest, attorneys' fees and costs. Here, the amounts owed are tailored to the specific misconduct of the defendant, i.e., its failure to pay trust fund contributions on behalf of its covered employees, and are appropriate. As a result, this factor also weighs in favor of granting default judgment.

**4. Possibility of a dispute concerning material facts.**

Defendant failed to appear in the litigation resulting in this Court entering its default. Plaintiffs conducted an audit, presented the results to defendant, and defendant chose not to engage in this litigation. There is no reason to believe there is any dispute of the facts contained in the Complaint.

**5. Whether default was due to excusable neglect.**

There is no evidence that defendant's failure to participate in this litigation or participate in this proceeding is due to excusable neglect.

**6. Policy favoring decisions on the merit.**

Finally, while policy grounds favor a resolution on the merits of this dispute, that policy is outweighed by the prompt resolution of this matter. Plaintiffs have already been prejudiced by a loss of Trust Fund assets due to defendant's failure to pay trust fund contributions on behalf of its covered employees. The strong policy favoring efficient resolution of collections actions under ERISA must be given great deference. *Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Serv.*, 870 F.2d 1148, 1152 (7th Cir. 1989).

///
///
///
///

## IV. RELIEF SOUGHT

**A. The Trust Funds are Entitled to Recover Outstanding Employee Fringe Benefit Contributions Due and Owing, Interest and an Additional Amount Equal to the Greater of Interest or Liquidated Damages.**

**1. First Claim For Relief, Recovery of Liquidated Damages and Interest on Contributions Paid, But Paid Late**

Cazadores Construction is liable for liquidated damages on contributions that were paid, but paid late.

ERISA 29 U.S.C. section 1132(g)(2)(E) provides that the Court may award "such other legal and equitable relief as the court deems appropriate." This "other legal and equitable relief" includes interest and liquidated damages on employee fringe benefit contributions that were paid but paid late. In *Idaho Plumbers & Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212, 217 (9th Cir. 1989), the court found that section 1132(g)(2)(E) does not preclude alternative contractual remedies. *Id*. at 216. *Idaho Plumbers* recognized that interest and liquidated damages could be awarded for contributions that were paid but paid late. *Id*. at 218. The issue was the amount of liquidated damages, not whether the court had authority to award liquidated damages (the Trust Funds in that case had failed to advise the court why the liquidated damages rose from 10% to 20%). *Id*.; *see also Board of Trustees v. JRD*, 99 F. Supp.2d 1115 (C.D. Cal. 1995). In *JRD*, the employer paid the contributions, but paid late. The court awarded liquidated damages for the contributions paid but paid late. *Id*. at 1118; *see also Northeast Administrators v. Albertsons*, 104 F.3d 253 (9th Cir. 1996).

During the period July – September 2014 Cazadores Construction paid employee fringe benefit contributions as reported, but failed to pay the employee fringe benefit contributions on time, i.e. prior to the 25th of the month immediately succeeding the month in which the employee's work was performed. For example, payment of the July 2014 contributions due and owing is due on before the 25th of August 2014. In each instance, Cazadores Construction failed to pay contributions on time. Liquidated damages on contributions that were paid, but paid late amount to **$450.00**. (Lauziere Decl. at ¶ 17, Ex. I [Dkt. No. 18].)

### 2. Second Claim for Relief, Recovery of Unpaid Trust Fund Contributions; Contributions Not Reported, Not Paid (Results of Audit).

On June 24, 2014, plaintiffs conducted an audit of Cazadores Construction covering the period June 2011 – December 2013. The result of the audit is that Cazadores Construction failed to report and failed to pay contributions on behalf of its covered employees for the period August – November 2011; January, March, May – December 2012; and May – December 2013 in the principal amount of $100,651.23. (Lauziere Decl. ¶ 18, Exs. J & K [Dkt. No. 18].) The audit report and summary show a total of 5,298.5 hours of covered work not reported, and not paid. The amount due and owing for the Vacation-Holiday, Pension, Health and Welfare, Training and Retraining, and Annuity Trust Funds is **$100,651.23**. (Lauziere Decl. ¶ 18, Exs. J & K [Dkt. No. 18].)

Pursuant to the Liquidated Damage Program – Board Policy, employers are subject to interest at the rate of 1.5% per month, as well as liquidated damages, set at $150 for each month that the contribution is delinquent. (Lauziere Decl. ¶ 16, Ex. H [Dkt. No. 18].) Interest was calculated at 1.5% per month from the month in which each delinquent contribution for each Trust Fund was recorded and accumulated, through October 26, 2017. The total interest due is **$90,569.96**. (Lauziere Decl. ¶ 19, Ex. L [Dkt. No. 18].)

Pursuant to 29 U.S.C. §§ 1132(g)(2)(B) and (C), Plaintiffs Trust Funds are entitled to an additional award in an amount equal to the greater of the interest on the unpaid contributions or liquidated damages at the contract rate. The liquidated damages assessed for the contributions reported, not paid, amount to $1,500.00. (Lauziere Decl. ¶ 20, Ex. L [Dkt. No. 18].) Therefore, since the amount of the liquidated damages assessed is less than the interest, Plaintiffs Trust Funds are entitled to an additional award of interest at **$90,569.96**. (Lauziere Decl. ¶ 20. Ex. L [Dkt. No. 18].)

///
///
///
///

Based on the above, for contributions not reported and not paid, Plaintiffs are entitled to an award under 29 U.S.C. §§ 1132(g)(2)(A), (B) and (C) in the following amount:

- § 1132(g)(2)(A) unpaid contributions: $100,651.23
- § 1132(g)(2)(B) interest: $90,569.96
- § 1132(g)(2)(C) interest: <u>$90,569.96</u>

                    Total: **$281,791.15**

(Lauziere Decl. ¶ 21) [Dkt. No. 18].

### 3. Third Claim for Relief For Mandatory Injunction, Compelling an Audit of Cazadores Construction's Books and Records.

Plaintiffs request a mandatory injunction compelling Cazadores Construction to submit to an audit of its financial records for the period January 1, 2014 through the last completed quarter prior to the entry of judgment in order to determine the full amount of employer contributions owed to the Trust Funds.

Under the Article IV, Section 7 of Trust Agreement, Cazadores Construction is contractually obligated to submit to an audit of financial records by the Board of Trustees. (Lauziere Decl. ¶ 14, Ex. E [Dkt. No. 18].) Furthermore, the right of employee benefit plans to enforce such power to audit is long and well established. *See generally, Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 571 n. 12, 105 S. Ct. 2833, 2840 n.12 (1985). An audit is "well within the authority of the trustees as outlined in the trust documents" and is part of "proper plan administration." *Id.* at 2846.

Based on the above, plaintiffs are entitled to an audit of Cazadores Construction's books and records for the period January 1, 2014 through the last completed quarter prior to entry of judgment.

### 4. Plaintiffs Trust Funds are Entitled to Recover Their Attorneys' Fees and Costs.

ERISA, § 502(g)(2)(D) and the Trust Agreement at Article IV, Section 3 (Lauziere Decl. ¶ 13, Ex. D [Dkt. No. 18]) provide that the employer is to reimburse the Trust Funds for attorneys' fees and costs incurred in a suit to enforce payment of outstanding contributions. The law of firm of Bullivant Houser Bailey PC, counsel for Plaintiffs Trust Funds, charged attorneys' fees and

costs for this lawsuit in the amount of $4,227.00. See accompanying Declaration of Ronald L. Richman in Support of Plaintiffs' Motion for Default Judgment ("Richman Decl.") at ¶¶ 3-6, Ex. A [Dkt. No. 19]. Based on the above, Plaintiffs Trust Funds seek to recover attorneys' fees and costs against Cazadores Construction in the amount of **$4,227.00**.

## V. CONCLUSION

Based on the above, plaintiffs are entitled to judgment in favor of plaintiffs and against defendant under the First, Second and Third Claims for Relief, in the following amount:

| | |
|---|---|
| **Liquidated Damages on Contributions Reported, but Not Paid:** | **$450.00** |
| **Contributions Not Reported, Not Paid (Audit):** | |
| • 1132(g)(2)(A) unpaid contributions: | $100,651.23 |
| • § 1132(g)(2)(B) interest: | $90,569.96 |
| • § 1132(g)(2)(C) interest: | $90,569.96 |
| Sub-Total: | **$281,791.15** |
| **Attorneys' Fees and Costs:** | **$4,227.00** |
| **TOTAL:** | **$286,468.15** |

Plaintiffs are also entitled to a mandatory injunction compelling defendant to produce its books and records for the period January 1, 2014 through the last completed quarter prior to entry of judgment. (Lauziere Decl. ¶ 23 [Dkt. No. 18].)

DATED: February 20, 2018

By: _____
HON. WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE

4830-5151-3948.1